UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| AGUSTIN YEPEZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:17-CV-353 |
| | § | |
| WALMART STORES, TEXAS L.L.C., | § | |
| | § | |
| Defendant. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

This is one of several personal injury lawsuits pending before this Court alleging that a plaintiff was injured after slipping and falling in a Wal-Mart.

In this case, Plaintiff Agustin Yepez lives in northwest Houston in the Westview area, and the Wal-Mart store at issue is located in the same area of Houston. Nonetheless, Plaintiff filed his lawsuit in state court in Galveston County, far to the southeast of both his residence and the store at issue. After being sued in Galveston County, Wal-Mart chose to remove the suit to federal court instead of challenging the propriety of a Harris County plaintiff filing a lawsuit over a Harris County slip-and-fall in a Galveston County court. But now, rather understandably, Wal-Mart seeks to move the lawsuit closer to the place from whence it came—Houston. Wal-mart has filed a motion to dismiss the lawsuit for improper venue, or alternatively, to transfer the case to Houston. Dkt. 8. Yepez is opposed.

## MOTION TO DISMISS UNDER RULE 12(B)(3)

At the outset, the Court notes that venue in state court and venue in district court are two different animals. In federal court, "[w]hen venue is challenged, the court must determine whether the case falls within one of the three categories set out in [28 U.S.C.] § 1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S.Ct. 568, 577 (2013). In determining whether venue is proper, "the court is permitted to look at evidence in the record beyond simply those facts alleged in the complaint and its proper attachments." *Ambraco, Inc. v. Bossclip B.V.,* 570 F.3d 233, 238 (5th Cir. 2009).

With respect to this lawsuit, federal venue for Yepez's lawsuit is proper within the Southern District of Texas because, as 28 U.S.C. § 1391(b)(2) provides, "A civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." Here, the Court notes that the statute speaks in terms of "judicial districts," not "judicial divisions." Thus, the federal venue statute allows Plaintiff Yepez to bring suit in any one of the judicial divisions within the Southern District of Texas—from Houston at the northern end, Brownsville 350 miles to the south, or along the way in any of the McAllen, Laredo, Corpus Christi, Victoria, or Galveston Divisions. *See, e.g.,* "Court Locations," www.txs.uscourts.gov/offices/district. Because Plaintiff filed his lawsuit in the Southern District of Texas, and the facts alleged took place within the Southern District of Texas, the venue is not "wrong." *See, e.g.*, *Weber v.*

*PACT XPP Techs.*, AG, 811 F.3d 758, 767 (5th Cir. 2016) ("Section 1406(a) and Rule 12(b)(3) allow dismissal only when venue is 'wrong' or 'improper.' Whether venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws.") (citing *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Ct. for Western Dist. of Texas*, —— U.S. ——, 134 S.Ct. 568, 577, 187 L.Ed.2d 487 (2013)). Thus, the Court **DENIES** Wal-mart's motion to dismiss for lack of proper venue under Federal Rule of Civil Procedure 12(b)(3).

## MOTION TO TRANSFER VENUE

Next, the Court turns to the Motion to Transfer Venue. 28 U.S.C. § 1404(a) allows a district court to transfer a civil action "for the convenience of parties and witnesses, in the interest of justice ... to any other district or division where it might have been brought[.]" The statute is intended to save "time, energy, and money while at the same time protecting litigants, witnesses, and the public against unnecessary inconvenience." *Republic Capital Dev. Grp., L.L.C. v. A.G. Dev. Grp., Inc.*, No. H–05–1714, 2005 WL 3465728, at *8 (S.D. Tex. Dec. 19, 2005). Motions to transfer venue under § 1404(a) are committed to the sound discretion of the district court. *Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988).

### A. Standard For Convenience Transfers

The party seeking transfer has the burden of showing good cause for the transfer. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc). The burden on the movant is "significant," and for a transfer to be granted, the transferee venue must be "clearly more convenient than the venue chosen by the plaintiff." *Id.*

A threshold question for a district court considering a motion to transfer venue under 28 U.S.C. § 1404(a) is whether the suit could have been filed in the movant's desired transfer venue. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004); *see also Wells v. Abe's Boat Rentals Inc.*, No. CIV.A. H–13–1112, 2014 WL 29590, at *1 (S.D. Tex. Jan. 3, 2014). As discussed above, the Southern District of Texas is indeed a "proper" venue for this dispute, and Plaintiff does not dispute that the case could have been brought within the Houston Division.

Next, the Court must determine whether on balance the transfer would serve "the convenience of parties and witnesses" and "the interest of justice" under 28 U.S.C. § 1404(a) by weighing a number of private and public interest factors. *In re Volkswagen Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008). The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law. *Id*. No one single factor is given dispositive weight. *See Wells*, 2014 WL 29590 at *1 (quoting *Action Indus., Inc. v. U.S. Fidelity & Guar. Co.*, 258 F.3d 337, 340 (5th Cir. 2004)).

## B. Private Factors

The Court first considers the private interest factors: relative ease of access to sources of proof; the availability of compulsory process to secure the attendance of witnesses; the cost of attendance for willing witnesses; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

Here, Wal-mart points to the undisputed geographical facts:  the store lies in northwest Houston, with this Courthouse far to the southeast and the Houston Courthouse located much closer to the store.  Similarly, the Plaintiff's residence is far closer to the Houston Courthouse than it is to the Galveston Courthouse. Further, the case is still in its early stages; the initial scheduling conference has not even been held.

## C. Public Factors

Next, the Court considers the public interest concerns, including the administrative difficulties flowing from court congestion, the local interest in having localized interests decided at home, the familiarity of the forum with the law that will govern the case, and the avoidance of unnecessary problems of conflict of laws of the application of foreign law. This lawsuit alleges an accident occurred at a Houston-area store. A Galveston Division jury, drawn from Brazoria, Galveston, Matagorda, and Chambers Counties, has no particular localized interest in the case. Similarly, the judges in either Division would be equally familiar with Texas premises liability law.  In fact, Plaintiff candidly concedes that the sole reason he filed suit in Galveston County was so that his lawsuit would land in this Division upon removal.  He contends that this Court's case management practices are preferable to those in the Houston Courthouse.  While the Court appreciates his

candor, the Court must also take judicial notice of its own docket and acknowledge that the recent increase in the number of criminal filings, as well as other administrative factors, have increased the number of cases pending for this single-judge Division, especially when compared to the number of cases pending per judge in the Houston Division.

Accordingly, the Court finds that the public factors weigh in favor of transfer to Houston.

## CONCLUSION

After full consideration of the motion, the briefing in response, and the record of this case as a whole, the Court **DENIES** Wal-mart's motion to dismiss for lack of proper venue under Federal Rule of Civil Procedure 12(b)(3). Further, the Court finds that Wal-Mart's motion to transfer venue should be **GRANTED** because transfer of this case to Houston would be clearly more convenient.

**This case is hereby transferred to the United States District Court for the Southern District of Texas, Houston Division.**

SIGNED at Galveston, Texas, this 26th day of March, 2018.

George C. Hanks Jr.
United States District Judge

6 / 6